# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-96 |
| | ) | NO. 2:07-CV-189 |
| | ) | |
| LISA Y. MATHES | ) | |

## **MEMORANDUM OPINION**

This criminal matter is before the Court to address the petitioner's Motion to Vacate, Correct or Set Aside a Sentence Pursuant to 28 U.S.C. § 2255. On July 21, 2006, the petitioner pled guilty to Count 1 of the indictment charging her with a conspiracy to distribute and to possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II, controlled substance, in violation of Title 21, United States Code, Section 846. On October 30, 2006, she was sentenced to serve a term of 48 months. Initially, it should be noted that the defendant waived her right to appeal her conviction and sentence as well as her right to file a §2255 motion in her plea agreement. [Doc. 39].

The petitioner asserts three grounds which she contends entitle her to relief:

GROUND ONE: Relevant conduct, i.e. that her base level was set using a drug amount that was never proven. However, the drug quantity used to calculate her base level was specified in her Agreed Factual Basis [Doc. 40]

GROUND TWO: The defendant contends that her participation in the instant offense began in March of 2005 and not August of 2004. Her Agreed Factual Basis, [Doc. 40], says that the offense began in the Fall of 2004. In any event, it is not clear how a variation in this date would effect the defendant's sentence or conviction.

GROUND THREE: The petitioner alleges that she did not receive credit for her assistance in the Raymond Lewis case which was NO: 2:06-CR-99. This statement is factually incorrect because she did receive credit for her assistance in her Motion for Downward Departure. [Doc. 54] Although the government recommended a downward departure from her guideline range of 70-87 months to a sentence of 53 months in the Motion for Downward Departure, after granting this motion, the Court sentenced the defendant to 48 months.

The relief that the petitioner seeks by virtue of her claimed grounds is a reduction in her sentence and/or a split sentence which would result in her being placed on home confinement. Although the defendant characterizes her motion as a §2255 motion, the relief she seeks was the same that she sought in her motion to reduce her sentence or for an alternative sentence of home confinement which she

filed on February 20, 2007, [Doc. 67], and which was denied by the Court on March 1, 2007 due to lack of jurisdiction. [Doc. 68]  If the defendant had not waived her right to file a direct appeal, she obviously could have raised each of her three grounds on direct appeal. When a defendant has failed to assert her grounds for relief on direct appeal and has procedurally defaulted, she may not raise those issues in a § 2255 motion unless she shows (1) good cause for her failure to raise such arguments and resulting prejudice, or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir.2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). This "cause and prejudice" test applies to a defendant who has pled guilty and then attempts to assert her claims for the first time in a motion to vacate. Id.; see also, *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir.1993). In this case, the petitioner pled guilty and has not shown any "cause and prejudice" to excuse her default, nor any "actual innocence".

In regard to the reduction of a sentence of imprisonment, the Sixth Circuit has explained in *United States v. Benjamin*, 188 F.3d 509 (6th Cir. 1999):

> The trial court correctly found that it lacked jurisdiction to consider these matters. Under 18 U.S.C. § 3582(c), a trial court may amend a sentence of imprisonment only where one of the circumstances set forth in that statute is present. These factors include: 1) where the Bureau of Prisons has requested the modification based upon extraordinary and

> compelling circumstances warranting a reduction or the fact that the defendant is at least seventy years of age, has served at least thirty years in prison and presents no danger to the safety of the community, see 18 U.S.C. § 3582(c)(1)(A)(i) and (ii); 2) where modification is permitted under Fed.R.Crim.P. 35, see 18 U.S.C. § 3582(c)(1)(B); or 3) where the guideline sentencing range for the offense of conviction has been retroactively lowered, see 18 U.S.C. § 3582(c)(2). None of those factors is applicable here, and the trial court lacked jurisdiction to resentence Benjamin.

The defendant in this case has failed to establish any of the factors set forth in 18 U.S.C. § 3582(c), and this Court has no jurisdiction to resentence the defendant to a lower sentence. Therefore, it is also hereby **ORDERED** that the defendant's motion to reduce her sentence or for an alternative sentence of home confinement is **DENIED,** because this Court has no jurisdiction, and therefore, no legal authority to reduce the defendant's sentence at this time or to order any other alternative sentence.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificates of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be

considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, it is hereby **ORDERED** that the petitioner is **DENIED** a certificate of appealability as to each issue raised by her.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE